UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SAMUEL WILSON and**
**BENJAMIN FOSTER,**

      **Plaintiffs,**

vs.                                        Case No. 8:05-CV-2057-T-27MAP

**FLEETWING CORPORATION, a**
**Florida Corporation,**

      **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Sever (Dkt. 5) and Plaintiffs' Response in Opposition (Dkt. 6). Upon consideration, Defendant's motion is DENIED.

Plaintiffs, both African American males, allege that Defendant, once their common employer, discriminated against them on the basis of their race. Plaintiffs jointly claim that Defendant subjected them to a racially hostile work environment and retaliated against them after they filed charges with the EEOC, in violation of 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992 and Title VII of the Civil Rights Act of 1964.[1] (Dkt. 1). Defendant contends that joinder is improper.

In order to support joinder under Rule 20, Fed.R.Civ.P., the Plaintiffs must establish (1) a right to relief arising out of the same transaction or occurrence, or a series of transactions or occurrences, and (2) some question of law or fact common to them both. *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *reh.'g and reh'g en banc denied*, 218 F.3d 749 (11th

---

[1] Plaintiff Wilson voluntarily resigned from Defendant's employ in 2005 whereas Plaintiff Foster remains employed by Defendant. Their employment overlapped from 1998 through 2005 (Dkt. 1, ¶¶ 4, 6).

Cir. 2000). Here, the allegations of the Complaint satisfy these two prerequisites to joinder.

The allegations in the Complaint confirm that Plaintiffs' common claims are "tantamount to allegations that there was a widely held policy of discrimination," satisfying Rule 20's requirement that their claims arise from the same transaction, occurrence or series of transactions or occurrences. *Smith v. Northeastern Illinois University*, 2002 WL 377725 *3 (N.D. Ill. 2002). The events described have a close logical relationship such that they comprise a transaction or occurrence satisfying Rule 20. *Alexander*, 207 F.3d at 1323.

Specifically, Plaintiffs allege that they were subjected to a racially hostile work environment in the same way and during the same time frame by the actions of two white managers. Plaintiffs allege that beginning in June, 2003, those managers gave African Americans less desirable work assignments than their white counterparts, treated African Americans "differently and unfavorably as compared to white drivers" and singled African American drivers out for harassment and unfounded disparaging comments" at meetings they were required to attend which white drivers were not. (Dkt. 1, ¶¶ 10, 15). These Plaintiffs filed EEOC charges at the same time and allege that as a result, they were subjected to the same retaliatory acts by Defendant's President. (Dkt. 1, ¶¶ 12, 16). Both Plaintiffs allege that in retaliation for their EEOC charges, Defendant "refused to act on raises and vacation requests", they were each suspended without pay for three days, and both were "harassed" by repeated telephone calls. (Dkt. 1, ¶¶ 11, 13, 17).

While there are some dissimilarities in the manner in which the Plaintiffs claim to have been discriminated against, by and large they allege virtually identical treatment based on their race, including disparaging comments and acts of retaliation. (Dkt. 1, ¶¶ 6 -14; 10-15; 12-16; 13-17). Notwithstanding some differences in their treatment, these Plaintiffs allege essentially a pervasive policy or practice of discrimination by Defendant which satisfies the "same transaction or

occurrence" test of Rule 20.  *Alexander*, 207 F.3d at 1323-24.

Moreover, the claims of these Plaintiffs share common questions of law and fact, including whether Defendant subjected them to a racially hostile work environment and whether the events which allegedly occurred after Plaintiffs filed their EEOC charges constitute unlawful retaliation. Plaintiffs concede that there are some issues of fact or law which are not common to both Plaintiffs but correctly argues that the test is whether "some" questions of law or fact are common to both Plaintiffs. *Alexander*, 207 F.3d at 1324. Here, that test, the second prong of Rule 20, is satisfied by the common questions of law and fact shared by these Plaintiffs.

Given the common issues of fact and law shared by these Plaintiffs, Defendant has not established that joinder, as well as a joint trial, will unduly prejudice Defendant. Any danger of confusion or unfair prejudice is mitigated by the "common core of allegations" shared by the Plaintiffs. *Alexander*, 207 F.3d at 1324-26. Accordingly, Defendant's Motion to Sever/ Motion for Separate Trials (Dkt. 5) is DENIED.

**DONE AND ORDERED** in chambers this 2nd day of August, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record